# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>           Plaintiff,   )<br>v.                )<br>  )<br>BALTIMORE COUNTY,   )<br>MARYLAND   )<br>  )<br>  )<br>           Defendant.   )<br>_____ ) | Civil Action No.:  1:19-cv-02465 |

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges:

1. This action is brought pursuant to 42 U.S.C. § 2000e-6(a) to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII").

2. All conditions precedent to the filing of suit have been satisfied.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-6(b) and 28 U.S.C. §§ 1331, 1343(a)(3), and 1345.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391 because Defendant Baltimore County, Maryland ("Baltimore County") and its agent, the Baltimore County Police Department ("BCPD"), are located in this judicial district and all or a substantial part of the acts or omissions giving rise to this cause of action took place in this judicial district.

## PARTIES

5. Plaintiff is the United States of America.

6. Baltimore County is a governmental entity and/or political subdivision created pursuant to the laws of the state of Maryland.

7. Baltimore County is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

*A. The Selection Process for BCPD Entry-Level Police Officers and Police Cadets*

8. Baltimore County maintains the BCPD and, through it, employs police officers and police cadets who, among other things, are responsible for protecting individuals and property in Baltimore County.

9. Baltimore County is responsible for the recruitment and hiring of BCPD entry-level police officers and police cadets.

10. Baltimore County is responsible for establishing the terms, conditions, and other practices which bear upon the selection and employment of BCPD entry-level police officers and police cadets.

11. Baltimore County has administered and used a multiple-choice written examination in the screening and selection of applicants for hire into the BCPD entry-level police officer and police cadet positions.

12. Applicants for BCPD entry-level police officer and police cadet positions must successfully obtain a passing score on a multiple-choice written examination.

13. Applicants who fail the written exam are not eligible to continue in the BCPD multi-stage selection process and not hired as BCPD entry-level police officers or police cadets.

*B. The Challenged Employment Practices*

14. Since January 1, 2013, Baltimore County has administered and used at least three different versions of the written exam in the hiring process for BCPD entry-level police officer and police cadet positions. Each version was developed by the Office of Human Resources of the Baltimore County Government.

15. Baltimore County administered and used one version of the written exam from 2009 to 2013 ("2009 Exam"). The 2009 Exam consisted of 85 questions divided into components identified as reading comprehension (15 questions), vocabulary (15 questions), spelling (20 questions), grammar (15 questions), and logical order/sequencing (20 questions). Applicants who scored 75% or higher on the 2009 Exam were eligible to continue in BCPD's selection process.

16. From 2009 to 2013, African American applicants passed the 2009 Exam at a lower rate than white applicants passed the 2009 Exam. This difference between the pass rates of white and African American applicants on the 2009 Exam is statistically significant.

17. Baltimore County administered and used a different version of the written exam in 2014 ("2014 Exam"). The 2014 Exam was 100 questions and comprised of two parts. Part I included a note-taking/observation skills section requiring a candidate to review a photograph and answer 15 questions about the photograph. Part II was 85 questions divided into components identified as reading comprehension (15 questions), logical ordering (20 questions), writing skill/grammar (30 questions), and interpretation of data (20 questions). Applicants who scored 70% or higher on the 2014 Exam were eligible to continue in BCPD's selection process.

18.     African American applicants passed the 2014 Exam at a lower rate than white applicants passed the 2014 Exam.  This difference between the pass rates of white and African American applicants on the 2014 Exam is statistically significant.

19.     Baltimore County began administering and using a different version of the written exam in 2015 ("2015 Exam").  The 2015 Exam is identical to the 2014 Exam except that Part I of the exam contains different questions and photographs; Part II of the exam is the same. Applicants who scored 70% or higher on the 2015 Exam were eligible to continue in BCPD's selection process.

20.     Between 2015 and 2016, African American applicants passed the 2015 Exam at a lower rate than white applicants passed the 2015 Exam.  This difference between the pass rates of white and African American applicants on the 2015 Exam is statistically significant.

21.     Upon information and belief, Baltimore County continued to administer the 2015 Exam, or a written examination substantially similar to the 2015 Exam, to applicants for BCPD entry-level police officer and police cadet positions after 2016.

22.     Baltimore County's use of each of these written examinations as a pass/fail screening device is not job related for the BCPD entry-level police officer and police cadet positions and consistent with business necessity, and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

23.     As a result of its use of these written examinations, Baltimore County has hired fewer African American applicants as BCPD entry-level police officers and police cadets since January 1, 2013 than it would have had it used a non-discriminatory screening device.

## UNITED STATES' PATTERN OR PRACTICE CLAIMS

24.     Plaintiff United States re-alleges and incorporates herein by reference paragraphs 1-23.

25.     Since January 1, 2013, Baltimore County has engaged in a pattern or practice of discrimination against African American applicants for BCPD entry-level police officer and police cadet positions in violation of Section 703(a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(2), by using the 2009, 2014, and 2015 Exams, which have caused a disparate impact on African American applicants on the basis of race, but which are not job-related for the positions in question and consistent with business necessity as required by Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

26.     The United States, through the United States Department of Justice, has conducted an investigation of the policies and practices of Baltimore County with respect to its screening and selection of applicants for BCPD entry-level police officer and police cadet positions and the discriminatory effect of such practices on African American applicants. The Department of Justice notified Baltimore County of that investigation and of the United States' determination that the policies and practices outlined in paragraphs 8 through 23 are unlawful.

27.     The Attorney General has reasonable cause to believe that the policies and practices of Baltimore County outlined in paragraphs 8 through 23 above constitute a pattern or practice of resistance to the full enjoyment by African Americans applicants of the rights protected by Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court order Defendant Baltimore County, and its officers, agents, employees, successors, and all persons in active concert or participation with them, to:

a. refrain from using written examinations to screen and select applicants for BCPD entry-level police officer and police cadet positions where such use results in a disparate impact on African Americans, is not job-related for the position in question and consistent with business necessity, and does not otherwise meet the requirements of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k);

b. provide make whole remedial relief to all persons who have suffered individual loss as a result of the discrimination alleged in this Complaint; and

c. adopt other appropriate nondiscriminatory measures to correct the present effects of its discriminatory policies and practices, including the use of entry-level police officer and police cadet selection procedures that comply with Title VII.

Plaintiff United States prays for such additional relief as justice may require, together with its costs and disbursements in this action.

Dated:  August 27, 2019

        Respectfully submitted,

        ERIC S. DRIEBAND
        Assistant Attorney General
        Civil Rights Division

        DELORA L. KENNEBREW
        Chief
        Employment Litigation Section
        Civil Rights Division

        */s/ Meredith Burrell*
        MEREDITH L. BURRELL (MD Bar, No Number Issued)
        Deputy Chief

        */s/ Kathleen Lawrence*
        */s/ Kunti Salazar*
        KATHLEEN O. LAWRENCE (NY Reg. No. 4844502)
        KUNTI D. SALAZAR (CA Bar. No. 279090)
        Trial Attorneys
        United States Department of Justice
        Civil Rights Division
        Employment Litigation Section
        4 Constitution Square
        150 M Street, NE / Room Number 9-932
        Washington, DC 20002
        Telephone: (202) 616-9100
        kathleen.lawrence@usdoj.gov
        kunti.salazar@usdoj.gov

        *Counsel for Plaintiff United States of America*