IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BALTIMORE COUNTY, MARYLAND,**<br><br>Defendant. | Civil Action No. 1:19-CV-02465-CCB |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR FINAL APPROVAL OF FOURTH AMENDED PROPOSED INDIVIDUAL RELIEF
AWARDS AND RESPONSES TO OBJECTIONS**

The United States and Baltimore County submit this Memorandum in Support of Their Joint Motion for Entry of the accompanying Fourth Amended Proposed Individual Relief Awards List (*see* Exhibit 1) and in response to objections submitted by thirty-two (32) individual Claimants. For the reasons set forth below, the Court should overrule the objections of all of the Claimants, as their objections do not warrant modification or non-entry of the Fourth Amended Proposed Individual Relief Awards List. The proposed relief awards are fair, adequate, and reasonable, and consistent with the provisions of the Amended Settlement Agreement and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Accordingly, the Parties request that the Court approve the Fourth Amended Proposed Individual Relief Awards List as the Final Individual Relief Awards List.

I.  **BACKGROUND**

The Court entered the Amended Settlement Agreement (the "Settlement Agreement") in this case on May 24, 2021. Doc. 48. Once the Settlement Agreement was entered, the

Parties began the Interest-in-Relief process. During this process, relevant applicants to the Baltimore County Police Department were notified of the Settlement Agreement and provided the opportunity to apply for relief under the Agreement (Back Pay Relief,[1] Priority Hiring Relief, or both). *See* Doc. 51-1 at 3. Then, for Claimants (those who applied for relief), the United States determined eligibility for relief based on the eligibility criteria in the Settlement Agreement. *Id*. at 6-9. On November 22, 2021, pursuant to Paragraphs 67 and 68 of the Agreement, the United States moved the Court to schedule a Fairness Hearing on Individual Relief and submitted a Proposed Individual Relief Awards List containing its determinations. Doc. 51. The Proposed Individual Relief Awards specified what, if any, relief the United States found each Claimant eligible for, the amount of Back Pay Relief that the United States determined should be awarded to each Claimant (if any), and, if the United States found the Claimant ineligible for either type of relief sought, the reason for the United States' determination that the Claimant was not eligible for relief. Doc. 51-3. The Court granted the United States' Motion and scheduled the Fairness Hearing on Individual Relief for June 17, 2022. Doc. 54.

As required by Paragraph 69 of the Agreement, after the hearing was scheduled, the Claims Administrator notified each Claimant of the United States' proposed eligibility determination, including, if applicable, any reasons for ineligibility and any proposed Back Pay award. Declaration of Andrew Choi ("Choi Dec."), Ex. 5 ¶ 11; Doc. 48, ¶ 69. On March 18, 2021, the Claims Administrator sent notice to 420 Claimants. Choi Dec. ¶ 13. Claimants who wished to object to their proposed eligibility determinations were instructed to file an

---

[1] The Parties incorporate by reference the definitions from the Amended Settlement Agreement. *See* Doc. 48, ¶¶ 1-13.

objection form by April 28, 2022, which was 41 days after the notice documents were sent to Claimants. *Id.* ¶ 12, Ex. E; Doc. 48, ¶ 69. This process satisfied the requirements for providing notice and a reasonable opportunity to object set forth in 32 U.S.C. § 2000e-2(n). Thirty-two (32) Claimants submitted objections pursuant to this process.[2] Choi Dec. ¶ 19. Objection forms and other documents submitted by these Claimants are attached, as required by Paragraph 73 of the Settlement Agreement, as is a List of Objectors the Parties prepared for the Court's convenience. Exs. 2, 3.[3]

Under the Settlement Agreement, at or after the June 17, 2022 Fairness Hearing on Individual Relief, the Court will determine which objections, if any, are well-founded, and determine whether to approve or modify the preliminary relief determinations made by the United States. Doc. 48, ¶¶ 76-77. Because none of the objections asserted are well-founded, and the relief determinations made by the United States are fair, adequate, and reasonable, the Parties respectfully move the Court to overrule all objections.

The Parties do request that the Court approve as final a modified version of the Proposed Individual Relief Awards List. During the relief notification and objection process, the Parties became aware that one Claimant was mistakenly listed on the Third Amended

---

[2] Although two of these objectors (JND 602 and 1316) submitted their form after the April 28, 2022, deadline (Choi Dec. ¶ 19(b)), the Parties have considered and responded to these Claimants' objections herein.

[3] Exhibit 3 includes thirty-four (34) objections forms, rather than thirty-two (32.) Two Claimants, JND 176 and JND 932, submitted revised claim forms. The Parties submitted both the original and revised objection forms for these Claimants in Exhibit 3. Four other Claimants submitted duplicate objection forms; the Parties did not include these duplicative objection forms because the content of the duplicate form is identical to the original. One other Claimant initially submitted an incomplete form and later supplemented his submission. Here, too, the Parties only included this Claimant's one complete form.

Proposed Individual Relief Awards List twice, under two different Claimant ID numbers (JND 822 and JND 1220.) Because these two Claimant ID numbers in fact correspond to one Claimant, and, under the terms of the Settlement Agreement, one Claimant should not be provided with two monetary awards, the Parties submit a Fourth Amended Proposed Individual Relief Awards List as Exhibit 1 to replace the Third Amended Proposed Individual Relief Awards List[4] submitted to the Court on November 22, 2021. The Fourth Amended Proposed Individual Relief Awards List has one fewer Claimant (JND 822 has been removed), and as such the proposed Back Pay Relief awards for all other Claimants eligible for monetary relief are slightly greater, to account for the Settlement Fund being divided among a group with one less person. The United States used the same method for calculating Back Pay Relief that is described in the November 22, 2021 Motion to Schedule a Second Fairness Hearing and also described below. The eligibility determinations for other Claimants were not modified in any other way. Because the relief determinations made by the United States remain fair, adequate, and reasonable, and consistent with the terms of the Settlement Agreement and Title VII, the Parties respectfully move the Court to approve the Fourth Amended Proposed Individual Relief Awards List.

## II. SUMMARY OF THE OBJECTIONS TO THE UNITED STATES' PROPOSED INDIVIDUAL RELIEF DETERMINATIONS

A total of thirty-two (32) Claimants submitted objection forms in response to the notice of the United States' proposed eligibility determinations. Choi Dec. ¶ 19. These objections fall

---

[4] The Third Amended Proposed Individual Relief Awards List was the only relief awards list submitted to the Court. As described in the Memorandum of Law in Support of the Unopposed Motion to Schedule a Fairness Hearing on Individual Relief, United States amended the list submitted to the County twice before submitting it to the Court on November 22, 2021. *See* Doc. 51-1 at 7-8.

into five general categories (with some objectors articulating multiple bases for their objections, such that they are discussed in more than one category below):

1) Eight (8) Claimants submitted objections contesting the amount of Back Pay Relief for which the United States found them eligible[5] (*see* Ex. 3 at 1-4, 9-16, 21-24, 29-32, 58-61, 66-69, 96-95, 132-135), including for the following reasons:

    a. Two (2) claim the amount does not cover the emotional damages they have suffered.[6] *See id.* at 21-24, 66-69.

    b. Five (5) argue that their proposed Back Pay Relief does not amount to what they would have earned had they been hired by Baltimore County as police officers or cadets.[7] *See id.* at 9-16, 21-24, 29-32, 58-61, 86-95.

    c. Three (3) cite other miscellaneous reasons for why the monetary amount is insufficient, such as their personal financial struggles, personal disappointment in not becoming a police officer, and missed opportunities for career advancement.[8] *See id.* at 1-4, 58-61, 132-135.

2) One (1) Claimant contested the factual reason underlying the United States' eligibility determination (though subsequently acknowledged that the United States' factual determination was correct.)[9] *See id.* at 112-115; Declaration of Michelle Brown ("Brown Dec."), Ex. 4 ¶ 16(c).

---

[5] The JND IDs for these eight (8) Claimants are: 2, 176, 279, 512, 635, 655, 932, and 1756.
[6] The JND IDs for these two (2) Claimants are: 279 and 655.
[7] The JND IDs for these five (5) Claimants are: 176, 279, 512, 635, and 932.
[8] The JND IDs for these three (3) Claimants are: 2, 635, and 1756.
[9] The JND ID for this Claimant is 1182.

3) Two (2) Claimants filed objections seeking more relief than what they had requested during the Interest-in-Relief process.[10] *See* Ex. 3 at 9-16, 49-52; Choi Dec. ¶ 9-10, Ex. A-D.

4) Eighteen (18) Claimants filed objections without a clear basis for their objection—either leaving the "reason for my objection" portion of their objection form blank or providing a reason that is unrelated to their individual relief determination.[11] *See* Ex. 3 at 25-28, 33-48, 62-65, 70-85, 96-99, 108-111, 116-131, 136-139.

5) Four (4) Claimants appear to have filed their objections in error, having represented to the United States that they do not in fact object to their individual relief determinations.[12] *See id.* at 5-8, 53-57, 100-107; Brown Dec. ¶ 16(a)-(b).

As the above categories make clear, the vast majority of Claimants who filed objections—twenty-two (22) of thirty-two (32)—did not intend to object, provided no basis at all for their objection, or provided no substantive basis for contesting their eligibility determination. Putting aside the Claimants who are requesting a change to the relief they requested in the Interest-in-Relief process, only nine (9) of the 420 Claimants who were provided notice of the proposed relief determinations filed objections that actually contest the eligibility determinations made by the United States, and one (1) has effectively rescinded her objection. None of the objections warrant modification or non-entry of the United States' proposed individual relief determinations.

---

[10] The JND IDs for these two (2) Claimants are: 176 and 628.
[11] The JND IDS for these eighteen (18) Claimants are: 249 , 340, 526, 530, 580, 602, 643, 663, 749, 795, 837, 938, 1070, 1202, 1205, 1312, 1316, and 1815.
[12] The JND IDS for these four (4) Claimants are: 122, 633, 1043, and 1053.

## III.  ARGUMENT

For the reasons discussed below and set forth in the United States' Motion to Schedule a Fairness Hearing on Individual Relief, the Courts should find that all of the objections submitted by Claimants are not well-founded and that the United States' proposed individual relief determinations, as modified in the Fourth Amended Proposed Individual Relief Awards List, are fair, adequate, and reasonable.

### a.  Objections to the Sufficiency of the Monetary Relief Are Without Merit

As described above, of the Claimants asserting substantive objections to their individual relief determinations, nearly all—eight (8)—contest the sufficiency of the monetary relief for which the United States found them eligible. *See* Ex. 3 at 1-4, 9-16, 21-24, 29-32, 58-61, 66-69, 96-95, 132-135.  Two (2) of these Claimants argue that, in addition to the Back Pay Relief provided by the Settlement Agreement, they should be paid more for pain and suffering or emotional damages.  *See id.* at 21-24, 66-69.  Five (5) Claimants focus on the fact that the Back Pay Relief for which they have been found eligible is less than what they would have earned had they been hired as police officers or cadets by Baltimore County.  *See id.* at 9-16, 21-24, 29-32, 58-61, 86-95.  And finally, three (3) Claimants more generally assert that the Back Pay Relief set forth in their preliminary eligibility determination letters is not enough.[13]  *See id.* at 1-4, 58-61, 132-135.

First, the objections regarding emotional damages should be overruled as irrelevant, as such damages are outside the scope of the Settlement Agreement approved by the Court, which provides Individual Relief only in the form of Back Pay Relief and Priority Hiring Relief with

---

[13] Because some Claimants asserted objections to the monetary relief on multiple bases, these numbers do not add up to eight (8).

7

Retroactive Seniority. In ruling on the terms of the Agreement, this Court expressly considered the types of relief offered and specifically found that the individual relief offered, including priority hiring, back pay, and retroactive seniority, "provides appropriate make-whole relief to individuals adversely affected by the use of the challenged exams." Doc. 45 at 11, 16. Indeed, compensatory damages could not have been recovered even if this case had gone to trial, since such damages are not available in actions, like this one, brought under section 707 of the Civil Rights Act where an employment practice is challenged because of its disparate impact. 42 U.S.C. § 1981a(a)(1).

With respect to the Claimants who object to the proposed amount of Back Pay Relief because it is not equal to the amount of money they would have received had they been hired by Baltimore County or is otherwise insufficient, this, too, was already considered by the Court in its decision approving the terms of the Settlement Agreement. The Court carefully considered the overall amount of the Settlement Fund, determining that the total $2,000,000 Settlement Fund is "appropriately tailored to redress the injury at issue." Doc. 45 at 16. Beyond just approving the amount of the Settlement Fund, the Court also addressed and approved pro rata distribution of the Settlement Fund. Specifically, the Court acknowledged that the Settlement Fund was calculated based on the United States' estimate that, absent discrimination, the County would have hired an additional twenty-three (23) African-American police officers or cadets, and the Parties' estimate of the total salary that would have been paid to those twenty-three (23) officers using estimated hire dates. *Id*. The Court acknowledged that the Settlement Fund, however, could not be distributed only to twenty-three (23) officers, since it is not possible to determine now which Claimants would have received one of those twenty-three (23) positions. *Id*. Instead, the gross award would be divided among all eligible Claimants on a pro rata basis.

*Id*. Put differently, the Court approved the Settlement Agreement acknowledging that Claimants here would not receive amounts equal to the amount of money they would have received had they been hired because back pay calculated for twenty-three (23) individuals would be distributed among all eligible Claimants on a pro rata basis.

Consistent with this decision and the terms of the Settlement Agreement entered by the Court, the United States has appropriately divided the Settlement Fund among all eligible Claimants who sought Back Pay Relief. Doc. 48, ¶ 63. In the Fourth Amended Proposed Individual Relief Awards List, the United States finds 393 unique Claimants eligible for Back Pay Relief. It determined the amount of Back Pay Relief due to each eligible Claimant by calculating the proportional value of back pay per month from the Settlement Fund, multiplied by the number of months between the Claimant's presumptive hire date and the final entry of the Agreement.[14] Because cadets are paid at a lower rate than police officers, the United States also considered which Claimants were only eligible to be hired as cadets, rather than police officers, based on their age on their presumptive hire date, and used a lesser proportional value of back pay per month for would-be cadets for a period of eighteen (18) months. Notably, none of the objectors challenge the method used for proportional distribution; they either argue generally that the amount is not enough or argue it is not enough because it does not amount to what they would have earned had they been hired. There is no question that the United States used decision rules applied equally and fairly to all Claimants, "taking into account when each

---

[14] A Claimant's presumptive hire date is an estimate of the date that the Claimant would have been hired based on the year they first took and failed a Challenged Written Exam and also met the minimum qualifications set forth in Paragraph 61 of the Agreement. So, for example, every Claimant who took the exam in 2014 (and otherwise met the minimum qualifications at that time) was deemed to have a presumptive hire date of July 1, 2015.

Claimant was first disqualified by any of the Challenged Written Examinations, and the position for which they were eligible to be hired at the time they were disqualified," as required by the Settlement Agreement. Doc. 48, ¶ 63.

Two Claimants expand on their arguments as to why they should be paid the full amount of their lost salary (or more.) JND 932 adds that "[s]ince others have the right to obtain employment" it is "only fair" that he should be paid the full annual salary he would have earned as a police officer. *See* Ex. 3 at 86-95. As an initial matter, all Claimants, including JND 932, had the opportunity to request Priority Hiring Relief. In any event, the Court already approved the individual relief provisions of the Agreement that describe the eligibility requirements for each kind of relief (Back Pay Relief and Priority Hiring Relief), and neither they, nor the provisions describing the distribution of monetary relief, make the two types of relief interdependent in this way. Thus, there is no merit to JND 932's argument that his Back Pay Relief should be greater because he is not eligible for Priority Hiring Relief (in his case, because he did not request it.)

JND 279 asserts that he was discriminated against twice, seemingly suggesting he should be compensated more as a result. *See id.* at 21-24. Presumably he is referring to the fact the he took and failed the written exam twice during the relevant time period. Under the terms of the Settlement Agreement, Claimants are not entitled to greater relief for having taken and failed the Challenged Written Exams more than once; rather, their relief is determined based on the first time they were disqualified by any of the Challenged Written Exams. *See* Doc. 45 at ¶ 63.

The Parties understand that a small minority of eligible Claimants (eight of 393) are disappointed that the amount of monetary relief they may receive in this settlement is not in line with what they had expected. But none of the objections asserted warrant modification or non-

entry of the Fourth Amended Proposed Individual Relief Awards List.  Because the United States' proposed Back Pay Relief determinations are based on fair, uniform distribution methods already explicitly approved by this Court, those determinations are fair, adequate, and reasonable.  Accordingly, Claimants' objections regarding the sufficiency of the monetary relief should be overruled.

### b. Objections Seeking Alternate Forms of Relief Should be Overruled

Two (2) Claimants submitted objections in which they ask for an additional form of relief:  JND 176 submitted an objection form in which he asks for Priority Hiring Relief, in addition to the Back Pay Relief for which he was found eligible; and JND 628 asks for Back Pay Relief, in addition to the Priority Hiring Relief for which he was found eligible.  *See* Ex. 3 at 9-16, 49-52.  Because allowing these Claimants to change their relief at this late stage would hinder the efficient distribution of relief in this matter and be unfair to other applicants who were deemed ineligible for relief because they did not opt in by the August 9, 2021 deadline, the Court should overrule these objections.

JND 176 electronically submitted three different Interest-in-Relief Forms, one on June 28, 2021, in which he sought both Back Pay Relief and Priority Hiring Relief, and two, on June 28 and 30, 2021, respectively, in which he sought only Back Pay Relief.  Choi Dec. ¶ 10, Ex. B-D.  Like in all instances where Claimants submitted multiple Interest-in-Relief Forms with conflicting information, the United States contacted JND 176 to resolve the discrepancy.  Brown Dec. ¶¶ 7, 9.  On September 7, 2021, JND 176 informed the United States that, consistent with the two later-submitted Interest-in-Relief Forms, he was only seeking Back Pay Relief.  *Id.* ¶ 9.  The United States sent a confirming email, to which JND 176 responded on September 8, 2021, affirming the conversation and his election for "money only."  *Id*.  JND 628, on the other hand,

11

submitted only one Interest-in-Relief Form, and sought only Priority Hiring Relief. Choi Dec. ¶ 9, Ex A.

The deadline for Claimants to select the type of relief they sought through the Settlement Agreement was August 9, 2021. Neither JND 176 or 628 provided a justification on their objection form for seeking to change their relief election at this stage, more than six months later. *See* Ex. 3 at 9-16, 49-52. Allowing these Claimants to change the relief sought, at this late stage, would hinder the efficient distribution of relief in this matter, as the United States would need to reexamine its records to determine if these Claimants are eligible for the additional form of relief now being requested, and, in the case of JND 628, if he were found eligible for the monetary relief he now seeks, re-calculate the monetary relief for all eligible Claimants in order to divide the $2 million Settlement Fund in accordance with the terms of the Settlement Agreement. In addition to the administrative burden, allowing these Claimants to opt in to an additional form of relief at this late stage would be unfair to other applicants who missed the deadline to participate in the relief process altogether, or who may now desire additional relief but have not objected on such grounds.

The United States' proposed eligibility determinations for both JND 176 and 628, because they were based on Claimants' own elections for relief, are fair, adequate, and reasonable, and consistent with provisions of the Settlement Agreement and Title VII. As a result, the Court should overrule the objections asserted by JND 176 and 628.

c. **Objections Contesting the Factual Bases for Ineligibility Should be Overruled**

One (1) Claimant contested the factual bases underlying the United States' proposed eligibility determination. *See* Ex. 3 at 112-115. JND 1182 requested Back Pay Relief on her Interest-in-Relief Form, but was found ineligible because she did not take and fail the written

12

examination for the police officer or cadet position in the relevant timeframe, namely, between January 1, 2010, and April 27, 2019.  Doc. 51-3 at 17; *see also* Doc. 48, ¶ 59.  She submitted an objection form stating that she did in fact take and fail the test but that her name was misspelled.  *See* Ex. 3 at 112-115.  Upon receiving her objection, the United States consulted with Baltimore County to confirm, with the spelling provided in JND 1182's objection form, whether JND 1182 did take and fail the written examination in the relevant timeframe.  The County confirmed she did not.  In an abundance of caution, the United States then reached out to JND 1182 to explain what the County's records showed, and to inquire as to whether she still believed she had taken and failed the written test during the relevant timeframe, and if so, if she had any documentation to support that contention.  Brown Dec. ¶ 16(c).  She then conceded she could not have taken the written exam between January 1, 2010, and April 27, 2019, because she was away at college during that time.  *Id*.  Because JND 1182 ultimately acknowledged that the factual basis for the United States' proposed eligibility determination is correct, the Court should overrule her objection.

### d. Objections without Clear Bases Should be Overruled

Eighteen (18) Claimants submitted objection forms containing limited information, and not actually objecting to any specific aspect of the United States' individual relief determinations.  *See* Ex. 3 at 25-28, 33-48, 62-65, 70-85, 96-99, 108-111, 116-131, 136-139.  Because these objection forms do not include sufficient information to permit a determination of their objection, or indeed, to determine whether they intend to object the individual relief determinations at all, these objections should be overruled.

Specifically, fourteen (14) of the eighteen (18) Claimants submitted objection forms where the "reason for my objection" space on the objection form was left blank.[15]  *See* Ex. 3 at 25-28, 33-36, 62-65, 70-81, 96-99, 108-111, 116-131, 136-139.  Thirteen (13) of these fourteen (14) Claimants were found eligible for the relief requested on their Interest-in-Relief Forms; only JND 1815 was found ineligible, both because this Claimant's Interest-in-Relief Form was untimely and because the Parties had no record of this Claimant taking and failing the Challenged Written Examinations in the relevant time period.  Doc. 51-3.  In any event, neither JND 1815 nor the remaining thirteen (13) Claimants whose "reason for my objection" space was left blank provide any basis for denying final approval of the Fourth Amended Proposed Relief Awards List.  *See* Ex. 3 at 25-28, 33-36, 62-65, 70-81, 96-99, 108-111, 116-131, 136-139.  Accordingly, the Court should find that the objections from these fourteen (14) Claimants are not well-founded.

Four (4) Claimants submitted objection forms with written reasons for their objections, but the reasons articulated do not pertain to their proposed individual relief determinations under

---

[15] The JND IDS for these Claimants are:  249 , 340, 526, 643, 663, 749, 795, 938, 1070, 1202, 1205, 1312, 1316, and 1815.  JND 1316's objection form was also untimely (Choi Dec. ¶ 19(b)), such that his objection should be overruled on that basis as well.

JND 1815 is not included in the Proposed Individual Relief Awards List filed with the Court on November 22, 2021, because she submitted her Interest-in-Relief Form on October 6, 2021, nearly two months after the deadline and after the United States was required to submit its eligibility determinations to Baltimore County under the Settlement Agreement.  *See* Doc. 48, ¶¶ 65, 67 (requiring the United States to include on the relief awards list only Claimants who timely returned Interest-in-Relief Forms).  The Parties nonetheless sent JND 1815 notification of her ineligibility, as required by the Settlement Agreement.  *See* Doc. 48, ¶ 69 (requiring notice of individual relief determinations to all Claimants who submitted an Interest-in-Relief form.)

14

the Settlement Agreement.[16]  *See  id.* at 37-48, 82-85.  JND 530 submitted an objection form stating that she failed the written test but was never told her score or what she did wrong so she would be able to study and re-apply.  *See id.* at 37-40.  JND 602 states that the County is biased toward African-Americans, and that he would have been given the chance to become a police officer if he were white.  *See  id.* at 45-48.  Notably, both JND 530 and JND 602 were found eligible for the relief requested on their Interest-in-Relief forms (including, for JND 602, the chance to become a police officer via Priority Hiring Relief), *see* Doc. 51-3, and neither Claimants' objection form indicates any dissatisfaction with their proposed individual relief awards.  *See* Ex. 3 at 37-40, 45-48.

JND 580 states that he was denied employment after *passing* the test due to his nationality, and that he had all the credentials to qualify but was still denied.  *See  id.* at 41-44.  Similarly, JND 837 states that she applied for a position, believes she passed the "stages," yet never heard anything from the Police Department.  *See  id.* at 82-85.  JND 837 further states that she thought the County had picked all the younger applicants.  *Id.*  JND 580 and JND 837 may be referring to other times that they took the written examination for the Baltimore County police officer or cadet position, or they may be mistaken about passing the written examination.  To the extent they are claiming other parts of Baltimore County's selection process for the police officer or cadet position were discriminatory—either based on race or any other bases—those allegations are outside the scope of the Settlement Agreement approved by the Court, which resolves only the United States' allegations of race discrimination stemming from Baltimore County's use of certain written examinations.  Both JND 580 and JND 837 failed at least one of

---

[16]  The JND IDs for these four (4) Claimants are: JND 530, 580, 602, and 837.  JND 602's objection form was untimely (Choi Dec. ¶ 19(b)), and should be overruled for that reason as well.

the relevant written examinations and, as a result of this and their satisfying the other eligibility criteria set forth in the Settlement Agreement, were found eligible for the relief requested in their Interest-in-Relief Forms. *See* Doc. 51-3.

Because none of the objections submitted by JND 530, 580, 602 or 837 articulate any reason for modifying or otherwise disapproving the United States' eligibility determinations, the Court should overrule these objections as well.

### e. Objections Filed in Error Should be Overruled

Four (4) Claimants appear to have submitted objection forms in error: JND 1053 wrote "I have no objections" on his objection form, and JND 122, 633, and 1043 submitted objection forms with no written reason for their objections and subsequently informed the United States that they did not intend to object to the United States' preliminary determinations regarding their relief. *See* Ex. 3 at 5-8, 53-57, 100-107; Brown Dec. ¶¶ 16(a)-(b). The United States found all four (4) of these Claimants eligible for the relief requested on their Interest-in-Relief Forms, *see* Doc. 51-3, and there is no reason to believe, based on the objections submitted or subsequent information provided to the United States, that these Claimants are contesting those determinations or the amount of monetary relief each was found eligible to receive. Their objections should therefore be overruled.

## IV. CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court overrule all objections to individual relief and approve the Fourth Amended Proposed Individual Relief Awards List as the Final Individual Relief Awards List because the individual relief

awards are fair, adequate, reasonable, and consistent with the terms of the Settlement Agreement and Title VII.

      Respectfully submitted,

| FOR PLAINTIFF UNITED STATES OF AMERICA: | FOR DEFENDANT BALTIMORE COUNTY: |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General | JAMES R. BENJAMIN, JR.<br>County Attorney |
| KAREN D. WOODARD<br>Chief | GLENN T. MARROW (Bar No. 23731)<br>GREGORY E. GASKINS (Bar No. 08834)<br>Deputy County Attorneys |
| MEREDITH L. BURRELL<br>Principal Deputy Chief | |
| */s/Kathleen O. Lawrence*<br>KATHLEEN O. LAWRENCE<br>(NY Reg. No. 4844502)<br>kathleen.lawrence@usdoj.gov<br>EJAZ H. BALUCH, JR.<br>(Bar No. 20006)<br>ejaz.baluch@usdoj.gov<br>AMBER TRZINSKI FOX<br>(CA Bar No. 279380)<br>amber.fox@usdoj.gov<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Employment Litigation Section<br>4 Constitution Square<br>150 M Street, NE / Room Number 9-932<br>Washington, DC 20002<br>Telephone: (202) 616-9100<br>Facsimile: (202) 514-1005 | */s/ Glenn T. Marrow*<br>(signed by Kathleen O. Lawrence with permission of Glenn T. Marrow)<br>400 Washington Avenue, Room 219<br>Towson, MD 21204<br>Telephone: 410-887-4420<br>Facsimile: 410-296-0931<br><br>Attorneys for Defendant Baltimore County<br><br>Date: June 7, 2022 |
| Attorneys for Plaintiff United States of America<br><br>Date: June 7, 2022 | |